## SECOND DEPARTMENT, MAY TERM, 1893.

new trial ordered, with costs to abide the event.

Nellie House, Respondent, v. Frederick Walch, Appellant. — Judgment and order affirmed, with costs.

Ambrose Hine, Appellant, v. Norman Hine and Others, Executors, etc., Respondents.— Judg-

ment reversed and a new trial ordered, with costs to abide the event.

Esther Loroman and Another, Respondents, v. George Loroman, Appellant. — Judgment reversed and a new trial ordered, with costs to abide the event.

## SECOND DEPARTMENT, MAY TERM, 1893.

Mattie Lydecker, Plaintiff, v. Samuel Gilchrist, Defendant.— Judgment affirmed for non-submission of papers according to stipulation, with costs.

Roger M. Sherman, v. Herbert L. Saterlee.— DYKMAN, J.: We think the trial judge made the proper disposition of this action at the Circuit, and that the appeal is destitute of merit. Whatever may be said about the title of the defendant to the fund in controversy there is no reason why it should be recovered by the plaintiff. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.

Levi P. Rose, Respondent, v. David Hawley and Others, Appellants.— PRATT, J.: The facts in this case were before the court in a former action, and it was then held that they established no breach of the conditions of the deed under which defendants make title. (See 45 Hun, 592.) That question. among others, was argued before the Court of Appeals, which in 118 N. Y. 502, 517, was also of opinion that the condition was not violated. As the views expressed by this court as to the legal effect of the facts have been expressly approved, we should scarcely feel at liberty to depart from our decision in 45 Hun, if we were in doubt of its correctness. But, upon re-examination, we are confirmed in our opinion as there expressed. According to those views the plaintiff should have been nonsuited at the close of his case. The plaintiff argues that the previous judgment is not binding upon us as an adjudication. However that may technically be, the opinion of our appellate court upon a fixed state of facts, rendered upon full argument, cannot be disregarded. The judgment must be reversed upon the facts, and a new trial ordered, costs to abide the event. Barnard, P. J., concurred; Dykman, J., not sitting Judgment reversed and new trial granted, costs to abide event.

Kate B. Verplanck v. William Farrell.— Appeal dismissed. Barnard, P. J., not sitting.

Kate B. Verplanck v. William Farrell and Others. — Appeal dismissed. Barnard, P J., not sitting.

James McCaldin, Respondent, v. William A. Parke and Another, Appellants. — PRATT, J.: This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The principles of this case were passed upon in a former appeal (see 66 Hun, 323.—REP.), and, therefore, there is nothing to be examined at present except the question whether there are any valid exceptions to the rulings of the court upon the trial. No violation of the principles laid down in the opinion upon the former appeal are pointed out by the appellant, and we find none in the case, and we, therefore, refrain from discussing anything in the case except questions that were not raised in the former appeal The exception to the introduction of the bills paid by the plaintiff for repairs was not well taken, as they were merely introductory to evidence of payment which was put in with the bills. Neither was the exception to evidence that the vessel was properly loaded, error In fact, all the ex-

ceptions to the admission of evidence are without merit, the evidence objected to being a necessary part of the plaintiffs' case or proper to meet suggestions and inference made by the defendants. There are many exceptions to the charge of the judge, but we fail to find error prejudicial to the defendants in any one of them. The majority of them related to questions of fact which were properly submitted to the jury under the former General Term opinion. If that opinion properly states the law of this case there is no error. The amount of damage was fixed in the contract of employment. All the questions discussed in the brief of the defendants relate to principles raised upon the former appeal and require no discussion at this time, as we adopt and adhere to the former opinion, and affirm the present appeal upon it. The judgment should be affirmed, with costs. Judgment and order denying new trial affirmed, with costs.

William Hill, Plaintiff, v. The Prudential Insurance Company, Defendant. — Appeal withdrawn.

Mary L. Lefurgy, Administratrix, Respondent, v. James Stewart and Another, Appellants. — DYKMAN, J.: This is an appeal from a judgment entered upon the report of a referee in favor of the plaintiff. The action is for the recovery of stone delivered to the defendants and the principal controversy had reference to the prices of the stone. A careful examination satisfies us that the referee has made a proper disposition of the case, and his opinion shows that he examined the case with great care. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.

Matter of Silas J. Owen. — Motion for reargument to be applied for at Special Term. Barnard, P. J., not sitting.

David M. Torrey, Appellant, v. Francis A. Waters and Others, Respondents.— PRATT, J.: The defendants' affidavits fairly meet the plaintiff's. Upon the whole case, we do not see that any fraud is made out. The discounts were made during so long a time that we must believe plaintiff had knowledge of defendants' financial condition, or else that he trusted them as officers of the corporation in reliance upon its solvency Order affirmed, with costs. DYKMAN, J.: This is an appeal from an order vacating an order of arrest granted in this action. A perusal of the papers convinces us that the charges of fraud and conspiracy, upon which the order of arrest was based, are unfounded and an afterthought. The plaintiff had cashed many drafts similar to those in question here and must have been in possession of full knowledge respecting the parties and their mode of doing business We think the order vacating the order of arrest was right and should be affirmed, with ten dollars costs and disbursements. Barnard, P J., concurred. Order affirmed, with costs and disbursements

Annie A. Morss, Respondent, v. Thomas R Hawley and Others, Appellants.— PER CURIAM: The questions involved in this appeal seem to have been fully covered by our

opinion on the former appeal. We, therefore, affirm the judgment, with costs. Judgment affirmed, with costs.

George Morgan, by Guardian, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.—DYKMAN, J.: This is an action for assault and battery committed by an officer of the defendant upon the plaintiff. The testimony on the part of the plaintiff made a plain case for the jury, and the motion for a nonsuit was properly denied. The testimony on the part of the defendant tended to show that the officer did no more than he was justified in doing in the discharge of his duty. So the case went to the jury under a charge to which there was no exception, and which defined the rights of the parties with accuracy. As the verdict was found for the plaintiff, we must assume that the jury found facts according to the testimony he laid before them, and that made an aggravated case of assault and battery. Under such circumstances, we cannot interfere with the verdict, and the judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs. Pratt, J., concurred; Barnard, P. J., not sitting. Judgment and order denying new trial affirmed, with costs.

Daniel Smith, Respondent, v. John Flannery, Appellant.—DYKMAN, J.: This is an action for assault and battery, and upon the trial the plaintiff introduced proof of two assaults and injuries, one committed by the defendant himself, and one committed by Glynn by direction of the defendant. There was much contradiction in the testimony. One witness, however, who was with the plaintiff testified positively that he heard the defendant say after the plaintiff was outside of the defendant's house, "Glynn, go out and do that man up." That was denied by the defendant, and other witnesses who were present said they did not hear it said. That was a very material question upon the trial, because the serious injuries of the plaintiff were received outside of the house. Upon that sharp conflict of testimony the case went to the jury and the verdict was found for the plaintiff for $570. The injuries of the plaintiff were very severe, and the verdict indicates the belief of the jury of the testimony introduced in his behalf. That being so, the evidence established an aggravated case, and this court cannot interfere. The judgment should be affirmed, with costs. Pratt, J., concurred; Barnard, P. J., not sitting. Judgment and order denying new trial affirmed, with costs.

Jeremiah P. Robinson and Others, Respondents, v. William H. Beard and Others, Appellants.— DYKMAN, J.: This is an action to compel the defendants, as executors of William Beard, deceased, to perform specifically certain covenants contained in a lease made by their testator to Jeremiah P. Robinson and another. The action has been tried before a judge at Special Term and the facts found in favor of the plaintiff, and a judgment directed in his favor. The defendants have appealed from the judgment, and while they find no fault with the findings of fact, they yet contend that the judgment is erroneous. On the contrary, in our view, the case depends entirely upon the facts, and our examination satisfies us that the trial judge reached the correct legal conclusion upon the facts which he found, and that all his findings are fully justified by the evidence. The case depends upon its own peculiar facts and a lengthy analyzation of the evidence will serve no beneficial purpose. The judgment should be affirmed, with costs. Barnard, P. J., concurred; Pratt, J., not sitting. Judgment affirmed, with costs.

Albert G. Howe, Respondent, v. Edward M. Oldham, Appellant. — Action for assault. Judgment reversed and new trial granted, costs to abide event. Opinion by Pratt, J. (not published by direction of Pratt, J); Barnard, P. J., dissenting.

New York, New Haven and Hartford Railroad Company, Respondent, v. Henry Welsh and Another, Appellants.—PRATT, J.: The need of plaintiff for the land sought to be condemned is fully proven. And there can be no doubt that the public interest is subserved by granting full facilities to plaintiff to transact its business. The case of *Mark* (25 N. Y. St. Repr. 502) must be regarded as establishing the right of the plaintiff to condemn lands in this State. The former action, where the village sought to condemn the same land to be used as a public street, has no bearing upon this proceeding. The question then was, whether this land was needed for a public street. The present question is whether this land is needed by the railroad company to provide adequate facilities for its traffic. The case was well decided and the judgment must be affirmed, with costs. Barnard, P. J., concurred; Dykman, J., not sitting. Judgment affirmed, with costs.

Edgar L. Pierson, Appellant, v. Norman L. Munro, Respondent.—DYKMAN, J.: This is an action to recover commissions for the sale of the plant and business of the defendant in the city of New York, consisting of a printing and publishing establishment, real property, machinery, plates and printing presses, several publications and the good will of all the business. The price fixed for the property was $2,000,000, and the commission to be paid in case of a sale was fixed at $75,000, and that is the amount claimed in this action. The complaint was dismissed upon the trial because no sale was established. There was no effort to prove a sale because none had been effected, but the plaintiff claimed the right to recover without showing a sale on the ground that the defendant had overstated the productivity of the plant. The plain and conclusive answer to the proposition was that the defendant had not made any representations upon the subject. We think the judgment may be sustained upon two grounds: *First*, the defendant never employed the plaintiff to make the sale, and, *second*, that no sale was ever made. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.

Charles A. Silliman, Respondent, v. The Albany and Troy Steamboat Company (Limited), Appellant. — PRATT, J.: There was enough evidence of employment to take the case to the jury. There is no substantial contradiction that at the first interview between Dodd and Mark the plaintiff stated that he was acting as broker, and should claim a commission if a sale was made. Nor does it appear that any denial was then made of defendant's obligation to pay commissions in that event. The president of defendant says he answered: "No, sir; I have nothing to do with the handling of the steamboat," but he also testifies that the negotiation at once engaged between one of defendant's officers and the agent of the purchaser. The fact that defendants paid a commission of $1,000 on the sale to the one of their agents who came into the discussion at this stage cannot affect the plaintiff's right. It is urged that the final sale was the outcome of a negotiation begun the year previous. At that time defendants offered the vessel for $30,000, and the offer was refused. It is plain defendants considered that negotiation abandoned, for they chartered the vessel to another corpora-